## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MASJID AL-FAROOK**,


     Plaintiffs,                       CASE NO: 24-cv-11602

                                             HON: Laurie J. Michelson


**LODI TOWNSHIP**, a Michigan
Municipal corporation, the **LODI TOWNSHIP
BOARD OF TRUSTEES, LODI
TOWNSHIP PLANNING COMMISSION**,
 jointly and severally,

     Defendants.

**CAIR-MI LEGAL FUND**
By: Amy V. Doukoure (P80461)
*Attorney for Plaintiffs*
1905 S. Haggerty Road, Suite 5
Canton, MI 48188
(248) 559-2247
adoukoure@cair.com

## FIRST AMENDED COMPLAINT, REQUEST FOR INJUNCTIVE AND DECLARATORY RELEIF, DAMAGES AND JURY DEMAND

    **NOW COMES,** Plaintiffs, MASJID AL-FAROOK, a domestic nonprofit corporation, by and through its attorneys COUNCIL ON AMERICAN ISLAMIC RELATIONS-MICHIGAN LEGAL FUND (CAIR-MI LEGAL FUND), by Amy V. Doukoure, against Defendants LODI TOWNSHIP PLANNING COMMISSION, and LODI TOWNSHIP BOARD OF TRUSTEES, and in support of their complaint for declaratory and injunctive relief and damages, avers as follows:

## PARTIES

1.      Plaintiff, Masjid Al- Farook , (herein after "Al-Farook") is a Michigan domestic nonprofit corporation with business ID#803082075. Its principal place of business is 2730 W. Ellsworth Road, Ann Arbor[1], Washtenaw County, Michigan. Al-Farook's stated mission and purpose is to "establish an Islamic place of worship, to provide religious guidance and education to community members in and around Lodi Township," and "for all express and understood religious purposes."  For the purposes of RLUIPA, Al-Farook constitutes a religious assembly or institution.

2.      Defendant Lodi Township (hereinafter "Lodi") is a Michigan municipal corporation created and existing by virtue of the laws of the state of Michigan and is empowered to act through is governing body, its officials, employees and official bodies. Lodi's principal place of business is 3755 Pleasant Lake Road, Ann Arbor, MI 48103. Lodi is a government within the meaning of 42 U.S.C. §2000cc-5(4)(A), and is subject to the jurisdiction of this Court.

3.      Defendant Lodi Township Board of Trustees (hereinafter "Trustees") is the body which adopted the Lodi Township Zoning Ordinance (hereinafter "Zoning Ordinance") and the Lodi Township Mater Plan ("Master Plan"). The Trustees have

---

[1] The mailing address for the subject property, just like the address for the Township's principal place of business is listed as "Ann Arbor," however, both the subject property and the Township's principal place of business are indeed situated firmly within  Lodi Township.

final say and authority regarding zoning applications including applications for rezoning. The Township Board of Trustees is subject to the jurisdiction of this Court.

4.     Defendant Lodi Township Planning Commission, (hereinafter "Planning Commission") is a body which promulgates, adopted and interprets the Zoning Ordinance, reviews and makes determinations regarding zoning applications including applications for rezoning. The Planning Commission is subject to the jurisdiction of this Court.

## Jurisdiction and Venue

5.     This Court has original federal question jurisdiction over Plaintiff's claims of violation of the United States Constitution and Religious Land use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C.§2000cc et seq., pursuant to 28 U.S.C. §1331.

6.     This Court has federal question jurisdiction, pursuant to 28 U.S.C. §1343 over Plaintiffs' claims regarding the deprivation under the color of State Law of rights secured by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

7.     This Court has supplemental jurisdiction over Plaintiff's State Law claims, pursuant to 28 U.S.C. §1367.

8.     This Court has personal jurisdiction over Defendants because Defendants reside and conduct business in the State of Michigan.

9. This Court has jurisdiction over Plaintiff's Constitutional claims pursuant to 42 U.S.C. §1983.

10. Plaintiff's claims for declaratory relief are sought under 28 U.S.C. §§ 2201 and 2202.

11. Plaintiff seeks permanent injunctive relief, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 28 U.S.C. §1343.

12. Plaintiff's claims for attorneys' fees and costs are predicated upon 42 U.S.C. §§1988 and 2000cc-2(d), which authorize the award of attorneys' fees and costs to prevailing parties, pursuant to 42 U.S.C. §1983 and RLUIPA.

13. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general, legal, and equitable powers of this Court.

14. Venue is proper under 42 U.S.C. §1391 as to all Defendants because the proposed site is located within this District, and the acts described herein occurred within this District.

## **Nature of This Action**

15. This is an action for declaratory and injunctive relief arising under the First and Fourteenth Amendments to the Constitution of the United States, the Religious Land use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §1988.

4

16.     Lodi Township, Lodi Township Planning Commission, and Lodi Township Board of Trustees  (collectively "Entity Defendants") have not identified any compelling government interest in zoning religious institutional uses out of their township and out of their master plan, nor have they identified any compelling government interests for creating a master plan that has no zoned districts for institutional uses and does not allow religious institutional uses without a request for rezoning.

17.     The Entity Defendants  have not identified any compelling government interest in the implementation and enforcement of their zoning ordinance which (1) does not allow religious institutional uses as of right in any district, nor does it permit religious institutional uses under any special use or conditional use permit; and (2) the implementation and enforcement of zoning and land use regulations that treat religious institutional uses differently than similarly situated non-religious institutional uses.

18.     Lodi Township Planning Commission has failed to identify any compelling government interest for recommending the denial and/or denying Plaintiff's application for rezoning.

19.     Lodi Township Board of Trustees has failed to identify any compelling government interest if failing to make a final decision on Plaintiff's application for rezoning.

20.     The Entity Defendants have discriminated against Plaintiff on the basis of religion and religious identity.

21.     Lodi Township has adopted a Master Plan and Zoning Ordinance on or about 2019 that completely zones out religious institutions from the entirety of the township.

22.     Lodi Township has failed to enforce its Zoning Ordinance and Master Plan in the least restrictive means possible.

23.      Lodi Township has unlawfully imposed and implemented a land use regulation that imposes a substantial burden on the rights of  Plaintiff and its members to the free exercise of religion by means that township officials, themselves recognize are not the least restrictive means available to Lodi Township to protect its asserted governmental interest.

24.     Lodi Township has imposed land use regulations that unreasonably limit religious assemblies, institutions and structures within the Township and has discriminated against Plaintiff on the basis of its religious identity.

**JURY DEMAND**

25. Plaintiff demands a jury trial as to all claims so triable.

**THE PROPOSED PROPERTY**

26.     The property purchased by Masjid Al-Farook to be used as a mosque is located at 2730 W. Ellsworth Road in Lodi Township, Michigan. It is currently a single-family residential home.

27.     The property is situated within the Township's Agricultural District and abuts public streets on two sides and residential homes on two sides.

28.     The lot in which the subject property sits is just over three (3) acres of land and the building is about 1,357 square feet with another 400 square foot garage. Plaintiff does not intend to modify the footprint of the structure at all, and intends only to make modifications internally to the main building.

29.      Almost directly across the street, on Ellsworth, from the subject property is a moderate sized Christian church.

## THE ZONING ORDINANCE AND MASTER PLAN PRIOR TO JULY 2024

30.     The Township's 2019 master plan and zoning ordinance did not carve out any place where a religious assembly usage is permitted.

31.     In 2019, the Township updated its Zoning Ordinance to create a new district known as the Public/Semi Public Services "PSP" District which was "intended to accommodate dedicated areas of public open space, government buildings and uses, institutional and recreational uses, schools, churches, and similar uses of public service or institutional character." (Zoning Ordinance Section 10.211).

7

32.     When the 2019 Master Plan was adopted in 2020 there were no spaces carved out or set aside for a PSP district and thus any use designated solely as a use within the PSP district, such as religious assembly uses, required an application for rezoning to create a new district for each and every new development or expansion of existing development. See **Exhibit A**.

33.     Pursuant to Article 20- Land use Table- religious institutional uses are only permitted within the PSP district and are completely zoned out of every other defined district within the Township. See **Exhibit B**.

34.     Currently, there are some spaces within the master plan designated as a PSP District. However, each one of them currently has a Christian religious institution that was existing at the time the rezoning and adoption of the Master Plan went into effect. The Township has only approved a single rezoning to a PSP district since the implementation of the Master Plan and Zoning Ordinance, and that was to permit an expansion of a pre-existing Christian religious assembly institution.

35.     Under the 2019 Zoning Ordinance, a church/temple, place of worship or religious institution is defined as "a type of institutional use or site used for the regular assembly of persons for the conducting of religious services and for related accessory uses, including offices and living quarters for church ministry and other members of the religious order who carry out their duties primarily on the site, religious education classes, day care and limited recreation facilities. Rescue

missions, tent revivals and other temporary assemblies are not included." (ZO Art. 2)

## **OVERVIEW**

36.     Masjid Al-Farook is a Michigan non-profit corporation whose aim is to have an Islamic place of worship in Lodi Township to provide religious services and education to residents of Lodi Township and surrounding areas. Currently, the members of Masjid Al-Farook have no place of Islamic worship in Lodi Township.

37.     Members of Masjid Al-Farook's community are primarily individuals and families who reside and work within Lodi Township.

38.     Furthermore, Masjid Al-Farook members must attend religious worship and holiday services at various places in Washtenaw and Wayne counties, Michigan since they have been unable obtain approval from Lodi Township for a permanent place of worship.

39.     Masjid Al-Farook first applied for rezoning of the subject property in September 2021, through the title holder of the property, 762 Properties.  A determination on that application was held in abeyance by the Defendant Planning Commission when it became apparent that the application was not going to be approved, and that indeed, there were no circumstances under which a new religious assembly or institutional use would be able to meet the criteria for rezoning.

40.     Masjid Al-Farook agreed to table their application for rezoning based on the assurances of the Planning Commission that they would be looking to remedy the issues related to the need to rezone and that they would be revising the zoning ordinance and master plan.

41.     After more than two years there was no movement on any amendments to the zoning ordinance or master plan. As a result, in November 2023, Masjid Al-Farook requested that their application for rezoning be brought back before the Planning Commission for a decision on its merits.

42.     In February 2024, the Planning Commission took up Plaintiff's Application for rezoning at its usual meeting, at which time no public comments were held prior to the Planning Commissions discussion of the application. Ultimately, the Planning Commission once again recognized the fact that under no circumstances would an application for rezoning for a new development of a religious assembly/institutional use be approved and once again tabled Plaintiff's application for the purpose of allowing a zoning ordinance amendment.

43.     In March 2024, the Planning Commission voted to approve an amendment to the zoning ordinance that would allow religious assembly/institutional uses as a right in all agricultural districts and voted to recommend denial of Plaintiff's application for rezoning.

44.    In the April 2024 Board of Trustees Meeting, Defendant Trustees did not make any decisions on the Defendant Planning Commission's recommendation to approve a zoning amendment to allow religious institutional uses in the agricultural district, and instead sent it back to the Planning Commission. During that same meeting, the Defendant Trustees failed to make a final decision on Plaintiff's application for rezoning.

45.    Since April 2024, neither any amendment of the zoning ordinance that would allow religious assembly/institutional uses to be present in Lodi Township, nor any decision on Plaintiff's application for rezoning have had any final decision, and instead continue to be held in abeyance.

46.    Defendant Godek, indicated via email the Township's and Township Board of Trustees' intent to withhold final determination on Plaintiff's application for rezoning indefinitely despite Plaintiff's repeated pleas to make a decision and insistence on exercising their rights under the law and Constitution.

47.    As of the date of filing this instant lawsuit, only one application for rezoning for religious assembly/institutional uses has been approved since the 2019 amendments. That application for rezoning was for a Christian church that was already in existence who requested a rezoning to engage in an expansion of the existing building.

48.     As of the date of filing the initial complaint in this instant lawsuit, there was not a single plot of land in Lodi Township where Plaintiff could establish a religious assembly/institution. Furthermore, Plaintiff has no avenue for remedy short of filing this lawsuit as it appears that the entity Defendants will not make a final decision on his application.

49.     Upon information and belief, all of the amendments to the zoning ordinance that were  being proposed since 2024 by the Entity Defendants for consideration include substantially different and stricter regulations for religious institutions than are currently provided for in the zoning ordinance and that are required of other non-religious assembly/institutional uses.

50.     As a result of being unable to have a permanent place of worship within the Township where the majority of its members live and work,  AL-Farook has been unable to hire a full time religious leader, hold regular congregational prayers, perform religious ceremonies for its members such as Islamic funeral or marriage ceremonies, provide for the religious, educational and spiritual needs of its members and the Muslim community in general in Lodi Township resulting in a substantial burden to the free exercise and right to assemble of the Plaintiff's community and Muslims in the Township.

51.     By not having a single Muslim place of worship within Lodi Township, members of the Masjid Al-Farook community, as well as other Muslims who live

and work within the township have had their ability to practice their religion substantially burden because there is not a single place in the township for Muslims to attend the required religious congregational prayers, or where they can turn for religious education or guidance.

52.    In an effort to provide for the religious needs of its members, and all of the Muslims in Lodi Township, Masjid Al-Farook decided to purchase the residential property which is the subject of this litigation. This property was proposed to be used as a religious place of worship.

## 2024 ZONING ORDINANCE AMENDMENTS

53. Beginning in February 2024, Defendants began looking at the possibility of amending the Township Zoning Ordinance purportedly to make it easier for a place of worship to enter the Township as an "institutional use."

54.In the February 2024 Planning Commission meeting, Defendant Godek and several other Planning Commission members indicated that reviewing and amending the Zoning Ordinance (ZO) to rectify the issues involving requests for rezoning to the PSP district would be easily and quickly resolved when challenged about the 180 day requirement for them to make a decision on the Plaintiff's 2021 rezoning application. However, that proved to not be the case, and the matter malingered over several months.

55.For instance, in the April 2024 Planning Commission meeting, a discussion was had about amending the 2019 Zoning Ordinance to allow institutional use as a either a right or a special use in the agricultural districts within the table of uses in Article 20, Section 20.04 of the ZO. However, that discussion was tabled to determine what extra requirements could be added in Section 41.14 related to site plan requirements for institutional uses.

56.In that same April 2024 meeting, the Planning Commission reviewed the recommendation of the Township Planner related to criteria to create new standards for institutional uses in an agricultural district. The Planning Commission requested amendments to Section 41.14- Institutional Uses of the Zoning Ordinance including a minimum gross lot area of 4 acres among other things.

57. In the May 2024 Planning Commission meeting the Township held a public hearing regarding amendments to Article 41, Section 41.14 Institutional Uses and Article 55, Section 55.21 Exterior lighting, both in anticipation of allowing institutional uses as of right in the agricultural district. According to the minutes of that meeting, there were no public comments.

58. After discussion amongst the Planning Commission, the Section 41.14 of the ZO was amended as follows:

    a.  Requiring the minimum gross lot area to be 4 acres;

    b.  The minimum lot width is required to be 250 feet;

    c.  The landscaping buffer is required to be 30 feet along property lines abutting residential districts or uses;

    d.  Institutional uses are required to submit a traffic study as part of the site plan process;

    e.  The property must be accessed through a main arterial road;

59. Section 55.21.B- Exterior lighting, additional requirements in subsection 8 to require  exterior lighting to be turned off after 10:00 pm until sunrise, except where use continues after that time or safety and/or security purposes.

60. The Planning Commission made the recommendation for the Township Board of Trustees to adopt the amendments to the Zoning Ordinance as laid out in Paragraphs 57 and 58 of this Complaint.

61. In June 2024, the Defendant Board of Trustees took up the Zoning Amendments as described above, and approved the changes to the institutional use requirements under ZO section 41.14 identified as resolution 2024-012 which created stricter requirements than previously existed for institutional uses.

62. However, the Board of Trustees voted  to table the decision on the Planning Commission's recommendation to request a finding of fact, related to the lighting resolution 2024-013- related to the additional lighting requirements and resolution 2024-014 related to amending Article 20 Table of uses to allow institutional uses as a right in the agricultural district.

63. According to Township Attorney Jesse O'Jack the Board of Trustee's decision to table the decision and request a finding of fact on the two resolutions (2024-13 and 2024-14) was to determine whether the recommended amendments could be challenged legally and to determine their impact on Plaintiff's desire to utilize the property as a place of worship.

64. However, it is clear that the resolution that would have the most potential negative impact on Plaintiff's requested use of the subject property as a religious assembly usage was Resolution 2024-0012 which created stricter site plan requirements with larger lot sizes and larger setback requirements and for the first time ever a requirement to access an arterial road, yet that is the resolution that passed without issue.

65. At the time that the Planning Commission adopted resolution 2024-0012 expanding the site requirements for Plaintiff's desired institutional use, the ZO still required an application for rezoning of the subject property and there continued to be no place in Lodi Township for a religious assembly/institutional use to exist according to the Zoning Ordinance and Master Plan.

66. Upon information and belief, after Defendants' reviewed a finding of fact pursuant to their June 2024 request, they voted to adopt Resolutions 2024-0013 and 2024-0014 which amended the exterior lighting ordinances for institutional uses and

amended the table of uses to allow institutional uses as of right in agricultural districts.

67. At the time that the Township reviewed findings of fact related to the three resolutions for amendments to the ZO at issue in this instant matter, they either knew or should have known that at least two of the newly created site requirements for institutional uses would preclude Plaintiff from using the subject property as a place of worship.

68. For instance, at the time of the investigation of the impact on the amendments on Plaintiff the Township either knew or should have known that by expanding the lot size from a minimum of 2 acres to a minimum of 4 acres would preclude Plaintiffs use of the subject property as an institutional use. This is true because in its application for rezoning, the Plaintiffs identified the lot size of the subject property as 3.1 acres.

69. Additionally, Defendants knew or should have known due to the existence of the current residential building on the subject property as well as the overall layout of the property that Plaintiff would be unable to meet the additional, and newly created, 30 foot setback requirement from adjacent residential properties. This is especially true, since Defendants should be in possession of the originally approved site plan for the development of the residential building that currently sits on the subject property.

70. Despite knowing or having reason to know that they created additional requirements that would either preclude Plaintiff from using the subject property for the intended use as a place of worship, or would require them to submit substantial and multiple requests for variances on the subject property, Defendants went forward with their scheme which would ensure that the Township could remain relatively free of additional religious institutional uses, including a mosque as desired by Plaintiff.

## Count I

### Violation of Religious Land Use and Institutionalized Persons Act
### (Religious Exercise)
### (as to official capacity Defendants only)

71. Plaintiff hereby realleges and incorporates by reference all previously pled paragraphs as if fully set forth herein.

72. Defendants have deprived, are aware that they have deprived, and continue to deprive the Plaintiff of its right to the free exercise of religion by the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §2000cc(a) et seq., by imposing and implementing a land use regulation that substantially burdens Plaintiff's religious exercise.

73. Defendants' 2019 Master Plan and Zoning Ordinance are invalid on their face according to RLUIPA because the Defendants have zoned the entire township in a manner that does not provide Plaintiff or any other religious

congregation the ability to establish an Islamic, or other religious institution, to carry out religious prayer services, religious ceremonies and education to its members.

74.    Without a physical location at which to gather for religious congregation, prayer and education, the Plaintiff's ability to administer to the religious and spiritual requirements and needs of its community members has been unduly limited and burdened and outright thwarted. The ability to provide for the religious and spiritual needs to its members is fundamental to Plaintiff's mission. The limitations imposed on Plaintiff by Defendants have substantially burdened the religious exercise of Plaintiff and its members.

75.    Defendants have denied Plaintiff's nearly 3 year old application for rezoning after creating additional and substantial requirements for institutional uses with its 2024 Zoning Ordinance Amendments as outlined above.

76.Defendants' 2024 Amendments to the zoning ordinance, done only after Plaintiff's application for rezoning was done with the sole intent to frustrate and prevent Plaintiff's ability to use the subject property for a religious assembly/institutional use.

77.    By the imposition and implementation of a land use regulation that imposes a substantial burden on Plaintiff's exercise of Islam within Lodi Township, Defendants have required Plaintiff to apply for a rezoning, withheld decision on the

rezoning for over two years despite repeated demands for a decision, and have signaled their intent to indefinitely withhold a decision on the rezoning.

78. Imposition of such a burden is not in furtherance of a compelling government interest and is not the least restrictive means of furthering any governmental interest, compelling or otherwise.

79. Plaintiff is entitled to a declaration that denial of the application for variance is a substantial burden to the free exercise of Plaintiff's religion, is not justified by a compelling government interest, and is in violation of RLUIPA.

80. Plaintiff is entitled to issuance of a permanent injunction enjoining Defendants from enforcing any limitation upon Plaintiff's use of the entirety of the subject property for religious uses and requiring Defendants to take whatever actions necessary to permit Plaintiff to undertake such use.

81. Defendants' unlawful actions caused Plaintiff harm and it is entitled to injunctive, declaratory, compensatory and punitive damages, in addition to all such other relief this Court deems just and proper including costs and attorneys' fees in this action.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to grant injunctive relief, compensatory and punitive damages against Defendants, costs and attorney fees, plus other equitable relief the Court deems just and equitable.

### Count II

## Violation of Religious Land Use and Institutionalized Persons Act
### (Discrimination on the Basis of Religion)
### (as to official capacity Defendants only)

82.    Plaintiff hereby realleges and incorporates by reference all previously pled paragraphs as if fully set forth herein.

83.    The 2019 Zoning Ordinance, as applied to Plaintiff, treats this religious organization and institution on less than equal terms with other religious and non-religious assemblies and institutions in Lodi Township.

84.    When Plaintiff went in front of the Planning Commission for a public hearing on their application for a rezoning to a PSP district, the Planning Commission made its analysis and ultimate decision to deny Plaintiff's application for rezoning based on factors that included analyzing each and every type of use that may be permitted within the PSP district claiming that they could not look at the proposed use solely to make its determination whether rezoning was appropriate.

85.    However, upon information and belief, no similar analysis was done when the Christian Church applied for rezoning to a PSP district. Indeed, no analysis at all was done about the types of possible uses for the land should the use change after the rezoning to a PSP district be approved.

86.    Defendants' conduct was prompted or substantially caused by Plaintiff's religious exercise in attempting to establish an Islamic place of worship

on the subject property and was clearly influenced by sectarian opposition to the presence of an Islamic religious institution in Township.

87. Defendants' 2024 Amendments to the zoning ordinance, done only after Plaintiff's application for rezoning was done with the sole intent to frustrate and prevent Plaintiff's ability to use the subject property for a religious assembly/institutional use.

88. Defendants have deprived, are aware that they deprived, and continue to deprive Plaintiff of its right to be free from religious discrimination as secured by RLUIPA, by implementing a land use regulation that discriminates on the basis of religion.

89. Defendants have imposed onerous requirements on Plaintiff that have not been imposed on any other applicant similarly situated in all material respects, religious or secular, within the Township.

90. Plaintiff is entitled to a declaration that the denial of the application is discrimination on the basis of Plaintiff's religion and not justified by a compelling government interest and is in violation of RLUIPA.

91. Plaintiff is entitled to issuance of a permanent injunction enjoining Defendants from enforcing any limitation upon Plaintiff's use of the entire property for religious uses and requiring Defendants to take whatever actions necessary to permit Plaintiff to undertake such use.

92.     Defendants' unlawful actions caused Plaintiff harm and it is entitled to injunctive, declaratory, compensatory and punitive damages, in addition to all such other relief this Court deems just and proper including costs and attorney's fees in this action.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to grant injunctive relief, compensatory and punitive damages against Defendants, costs and attorney fees, plus other equitable and relief this Court deems just and equitable.

**Count III**
**Violation of Religious Land Use and Institutionalized Persons Act**
**(Limitations and Exclusions)**
**(as to official capacity Defendants only)**

93.     Plaintiff hereby realleges and incorporates by reference all previously pled paragraphs as if fully set forth herein.

94.     Defendants have deprived, are aware that they have deprived, and continue to deprive Plaintiff of its free exercise of religion as secured by RLUIPA, by imposing and implementing a land use regulation that unreasonably limits religious assemblies, institutions and structures within Lodi Township.

95.     Religious institutions were  allowed in any zoning district within Lodi Township pursuant the 2019 Zoning Ordinance, but for individual parcels of land

where religious institutions are already in existence and were in existence prior to the adoption of the current Master Plan and Zoning Ordinance.

96.    Defendants had no constitutionally reasonable basis for their refusal to approve Plaintiff's 2021 application for rezoning as submitted. Yet they did so, by refusing to issue a final decision on the application for nearly three years.

97.    Additionally, Defendants' adoption of the 2024 Zoning Ordinance amendments was done for the sole purpose of creating additional and substantial barriers to institutional uses, including and specifically religious institutional uses, through a regulatory scheme that bears no connection to any legitimate government interest, and was done with actual knowledge that it created a likely insurmountable burden to Plaintiff given the nature and characteristic of the subject property.

98.    The imposition of a land use regulation that unreasonably limits religious assemblies within Lodi Township constitutes an arbitrary and capricious act with no rational basis.

99.    Plaintiff is entitled to a declaration that denial of the application, as submitted, unconstitutionally limits and excludes Plaintiff's free exercise of religion.

100.  Plaintiff is entitled to issuance of a permanent injunction enjoining Defendants from enforcing any limitation upon Plaintiff's use of the entire property for religious uses and requiring Defendants to take whatever actions necessary to permit Plaintiff to undertake such use.

101. Defendants' unlawful actions caused Plaintiff harm and it is entitled to injunctive, declaratory, compensatory and punitive damages, in addition to all such other relief this Court deems just and proper including costs and attorneys' fees in this action.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court grant injunctive relief, compensatory and punitive damages against Defendants, costs and attorneys' fees, plus other equitable relief this Court deems just and equitable.

**Count IV**
**Violation of First and Fourteenth Amendment**
**to the United States Constitution**
**(Free Exercise of Religion – 42 U.S.C. §1983)**

102. Plaintiff hereby realleges and incorporates by reference all previously pled paragraphs as if fully set forth herein.

103. Defendants have deprived, are aware that they have deprived, and continue to deprive Plaintiff of its right to free exercise of religion as secured by the First Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment to the United States Constitution, by discriminating against Plaintiff because of its religious character and by substantially burdening its right to freely exercise its religious faith. Plaintiff cannot fully and properly use its property for religious exercise if it is forced to adhere to zoning regulation

restrictions prohibit all religious assemblies in every single zoning district currently available in Lodi Township.

104.   Without a single Islamic place of worship within the Township, Plaintiff, and its community members' ability practice their religion is seriously limited.

105.   By the imposition and implementation of a land use regulation that imposes a substantial burden on Plaintiff's exercise of Islam within the Township, Defendants made an individualized assessment of the proposed uses for the property involved.

106.   Imposition of such burdens is not in the furtherance of a compelling government interest, and as recognized by Lodi Township, is not the least restrictive means of furthering any governmental interest, compelling or otherwise.

107.   Plaintiff is entitled to a declaration that denial of the application as submitted, and the zoning regulations as written and as applied, violate Plaintiff's First and Fourteenth Amendment rights to its free exercise of religion.

108.   Plaintiff is entitled to issuance of a permanent injunction enjoining Defendants from enforcing any limitation upon Plaintiff's use of the subject property for religious uses and requiring Defendants to take whatever actions necessary to permit Plaintiff to undertake such use.

109.   Defendant's unlawful actions caused Plaintiff harm and it is entitled to injunctive, declaratory, compensatory and punitive damages, in addition to all other

relief this Court deems just and proper including costs and attorneys' fees in this action.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court grant injunctive relief, compensatory and punitive damages against Defendants, costs and attorney fees, plus other equitable relief the court deems just and equitable.

### Count V
### Violation of First and Fourteenth Amendment to
### United States Constitution
### (Establishment Clause – 42 U.S.C. §1983)

89.     Plaintiff hereby realleges and incorporates by reference all previously pled paragraphs as if fully set forth herein.

90.     Defendants' unique application of the 2019 Zoning Ordinance to Plaintiff treats this religious organization and institution less than on equal terms with other religious assemblies and institutions in the Township, thereby creating a denominational preference against Islam as a religion.

91.     Defendants' 2024 Amendments to the zoning ordinance, done only after Plaintiff's application for rezoning was done with the sole intent to frustrate and prevent Plaintiff's ability to use the subject property for a religious assembly/institutional use.

92.     Defendants' conduct was promoted or substantially caused by Plaintiff's religious exercise in attempting to establish an Islamic place of worship.

93.     Defendants have deprived, are aware they deprived, and continue to deprive Plaintiff of its right to be free from religious discrimination in violation of the Establishment Clause to the First Amendment to the United States Constitution by imposing and implementing a land use regulation in a manner whose purpose and effect is to discriminate on the basis of religion.

94.     Plaintiff is entitled to a declaration that denial of the application as submitted, and the 2019 zoning ordinance as written and as applied to Plaintiff, are a violation of the Establishment Clause to the First Amendment and the Fourteenth Amendment to the Constitution of the United States.

95.     Plaintiff is entitled to a declaration that 2024 Amendments to the ZO as written  and as applied to Plaintiff, are a violation of the Establishment Clause to the First Amendment and the Fourteenth Amendment to the Constitution of the United States.

96.     Plaintiff is entitled to issuance of a permanent injunction enjoining Defendants from enforcing any limitation upon Plaintiff's use of the entire subject property for religious uses, and requiring Defendants to take whatever actions necessary to permit Plaintiff to undertake such use.

97.     Defendants' unlawful actions caused Plaintiff harm and it is entitled to injunctive, declaratory, compensatory and punitive damages, in addition to all such

other relief this Court deems just and proper including costs and attorneys' fees in this action.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court grant injunctive relief, compensatory and punitive damages against Defendants, costs and attorneys' fees, plus other equitable relief this Court deems just and equitable.

### Count VI
### Violation of the First and Fourteenth Amendment to
### The United States Constitution
### (Freedom of Speech – 42 U. S. C. §1983)

98.   Plaintiff hereby realleges and incorporates by reference all previously pled paragraph as if fully laid forth herein.

99.   Defendants have deprived, are aware they deprived, and continue to deprive Plaintiff of its right to speak on matters of religion as secured by the First Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment to the United States Constitution, by discriminating against Plaintiff based on the religious nature of its expression and by inhibiting its right to freely and fully express its religious faith to Plaintiff and the community.

100.   Defendants' imposition of a complete ban on religious uses within every currently zoned district in the Township imposed by the Zoning Ordinance prevented Plaintiff from using its property for religious practices and education for nearly three years.

101.   Defendants' 2024 Amendments to the zoning ordinance, done only after Plaintiff's application for rezoning was done with the sole intent to frustrate and prevent Plaintiff's ability to use the subject property for a religious assembly/institutional use.

102.   Plaintiff is entitled to a declaration that denial of the application, and the Zoning Ordinance as written and as applied to Plaintiff, a violation of its First Amendment right to free speech.

103.   Plaintiff is entitled to issuance of a permanent injunction enjoining Defendants from enforcing any limitation upon Plaintiff's use of the entire subject property for religious uses, and requiring Defendants to take whatever actions necessary to permit Plaintiff to undertake such use.

104.   Defendants' unlawful actions caused Plaintiff harm and it is entitled to injunctive, declaratory, compensatory and punitive damages, in addition to all such other relief this Court deems just and proper including costs and attorneys' fees in action.

**WHEREFORE**, Plaintiff requests this Honorable Court to grant injunctive relief, compensatory and punitive damages against Defendants, costs and attorney fees, plus other equitable relief this Court deems just and equitable.

**Count VII**
**Violation of First and Fourteenth Amendment to the**
**United States Constitution**

**(Freedom of Assembly – 42 U.S.C. §1983)**

105.   Plaintiff hereby realleges and incorporates by reference all previously pled paragraphs as if fully set forth herein.

106.   Defendants have deprived, are aware they have deprived, and continue to deprive Plaintiff of its right to freely assemble for religious purposes as secured by the First Amendment to the United States Constitution by Prohibiting Plaintiff's community members from assembling in a religious place of worship for the purpose of religious congregation, prayer, services and education.

107.   Defendants' imposition of its 2019 Master plan and Zoning Ordinance prevents Plaintiff from using its property for religious assembly.

108.   Defendants' 2024 Amendments to the zoning ordinance, done only after Plaintiff's application for rezoning was done with the sole intent to frustrate and prevent Plaintiff's ability to use the subject property for a religious assembly/institutional use.

109.   Plaintiff is entitled to a declaration that denial of its application as submitted and the Zoning Ordinance as written as applied to Plaintiff are a violation of its First Amendment right to freedom of assembly.

110.   Plaintiff is entitled to a permanent injunction enjoining Defendants from enforcing an limitation upon Plaintiff's use of the entire subject property for

religious uses, and requiring Defendants to take whatever actions necessary to permit Plaintiff to undertake such use.

111.   Defendants' unlawful actions caused Plaintiff harm and it is entitled to injunctive, declaratory, compensatory and punitive damages, in addition to all such other relief this Court deems just and proper including costs and attorneys' fees in this action.

**WHEREFORE**, Plaintiffs request this Honorable Court to grant injunctive relief, compensatory and punitive damages against Defendants, costs and attorneys' fees, plus any other equitable relief this Court deems just and equitable.

### Count VIII
### Violation of the Fourteenth Amendment to the United States Constitution
### (Equal Protection – 42 U.S.C. § 1983)

112.   Plaintiff hereby realleges and incorporates by reference all previously pled paragraphs as if fully set forth herein.

113.   Defendants have deprived, are aware they have deprived, and continue to deprive Plaintiff of its right to equal protection of the laws as secured by the Fourteenth Amendment to the United States Constitution by unlawfully discriminating against Plaintiff by denying its petition on the basis of religious status and on the basis of Plaintiff's exercise of its fundamental rights to freedom of religion, speech and assembly.

114.   Denial of the application is unconstitutional in that it imposes a substantial burden on the religious exercise of Plaintiff. Defendants have not demonstrated that imposition of that burden is in furtherance of a compelling government interest and is the least restrictive means of furthering that compelling governmental interest.

115.   Plaintiff is entitled to a declaration that denial of the application as submitted, and the 2019 Zoning Ordinance as written and as applied to Plaintiff is a violation of Plaintiff's Fourteenth Amendment right to equal protection of the laws.

116.   Plaintiff is entitled to a declaration that denial of the application as submitted, and the 2024 Zoning Ordinance Amendments as written and as applied to Plaintiff is a violation of Plaintiff's Fourteenth Amendment right to equal protection of the laws

117.   Plaintiff is entitled to issuance of a permanent injunction enjoining Defendants from enforcing any limitation upon Plaintiff's use of the entire subject property for religious uses and requiring Defendant's to take whatever actions necessary to permit Plaintiff to undertake such use.

118.   Defendants' unlawful actions caused Plaintiff harm and it is entitled to injunctive, declaratory, compensatory and punitive damages, in addition to all other such relief this Court deems just and proper including attorneys' fees in this action.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court, grant injunctive relief, compensatory and punitive damages against Defendants, costs and attorneys' fees, plus other equitable relief this Court deems just and equitable.

### Count IX
### Violation of the Fifth Amendment to the
### United States Constitution
### (Substantive Due Process- 42 U.S.C. §1983)

119.   Plaintiff realleges and incorporates by reference all previously pled paragraphs as if fully set forth herein.

120.   Plaintiff has a constitutionally protected right to utilize its property free from the irrational, arbitrary, and capricious zoning regulations and applications zoning regulations.

121.   By applying the zoning regulations to Plaintiff in a discriminatory manner Plaintiff's application, Defendants have subjected Plaintiff to irrational, arbitrary, and capricious application of zoning regulations.

122.   By failing to make findings and a final determination on Plaintiff's application until they could moot it out zoning amendments that were intended to keep Plaintiff from using their property as a place of worship and by applying demonstrably different standards to the Plaintiff's application for rezoning, Defendants have subjected Plaintiff to the irrational, arbitrary, and capricious application for zoning regulations.

123.   Defendants' actions towards Plaintiff's application has no relation to any legitimate government interest.

124.   Defendants' amendments to the zoning ordinance have no relation to any legitimate government interest and were done solely to frustrate Plaintiff's ability to use the subject property as a place of worship.

125.   Defendants' have deprived, are aware they have deprived, and continue to deprive Plaintiff of its right to use its property without due process of law as secured by 42 U.S.C. §1983, by implementing a land use regulation in a manner that discriminates on the basis of religion.

126.   Plaintiff is entitled to a declaration that the denial of the application as submitted and the failure to provide a basis for its decision is a violation of the Fifth Amendment to the United States Constitution

127.   Plaintiff is entitled to issuance of a permanent injunction enjoining Defendants from enforcing any limitation upon Plaintiffs' use of the entire subject property for religious uses, and for requiring Defendants to take whatever actions necessary to permit Plaintiff to undertake such use.

128.   Defendants' unlawful actions caused Plaintiff harm and it is entitled to injunctive, declaratory, compensatory and punitive damages, in addition to all such other relief this Court deems just and proper including costs and attorney's fees in this action.

**WHEREFORE,** Plaintiff request this Honorable Court to grant injunctive relief, compensatory and punitive damages against Defendants, costs and attorneys' fees, plus other equitable relief this Court deems just and equitable.

Dated: July 16, 2024                    Respectfully Submitted,
                                        **CAIR-MI LEGAL FUND**


                                        /s/  Amy V. Doukoure
                                        Amy V. Doukoure (P80461)
                                        Attorney for Plaintiff
                                        1905 S. Haggerty Road, Suite 5
                                        Canton, MI 48188
                                        (248) 559-2247
                                        adoukoure@cair.com