**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MASJID AL-FAROOK,
Plaintiff,
v

LODI TOWNSHIP, a Michigan municipal corporation, LODI TOWNSHIP BOARD OF TRUSTEES, and LODI TOWNSHIP PLANNING COMMISSION, jointly and severally,
Defendants.

File No. 2:24-cv-11602

Hon. LAURIE J. MICHELSON

Magistrate Judge: CURTIS IVY, JR.

---

Amy V. Doukoure (P80461)
CAIR-MI LEGAL FUND
Attorney for Plaintiff
1905 S. Haggerty Road, Suite 5
Canton, MI 48188
(248) 559-2247
adoukoure@cair.com

Frederick Lucas (P29074)
R. Burke Castleberry, Jr. (P72093)
CASTLEBERRY & LUCAS
Attorney for Defendants
7577 US 12
Onsted, MI 49265
(517) 467-4000
fred@castleberrylucas.com
burke@castleberrylucas.com

---

CONSENT JUDGMENT

Plaintiff, Masjid Al-Farook by its attorney, Amy V. Doukoure and defendants, Lodi Township, Lodi Township Board of Trustees and Lodi Township Planning Commission by their attorney, Frederick Lucas having consented to the entry of judgment;

**IT IS ORDERED AND ADJUDGED AS FOLLOWS:**

1. **Approval for Siting of Religious Institution.** Subject to approval from the Washtenaw County Health Department for a sanitation system for a non-residential use and the Washtenaw County Road Commission, for access to Ann Arbor-Saline Road, the Township grants zoning approval for the use of the property located at 2730 West Ellsworth Road, Ann Arbor, MI which is located in Lodi Township, for establishment of a religious institution; to-wit: a mosque.

The property is currently zoned Agricultural District (A-1) and the zoning shall remain Agricultural District (A-1). Additionally, this agreement does not allow the siting of any other institutional use on the property.

2. **Sanitation Permitting Required.** Prior to beginning operations plaintiff shall obtain the required permits from the Washtenaw County Health Department for a non-residential septic system to service the mosque.

3. **Access to Ann Arbor-Saline Road.** Access to and from the mosque shall be off of Ann Arbor-Saline Road and prior to beginning operations plaintiff shall obtain the required driveway permit from the Washtenaw County Road Commission for access to Ann Arbor-Saline Road and install the driveway.

4. **Compliance with Other Statutes, Ordinances and Regulations.** Nothing herein shall be construed as relieving plaintiff from compliance with any federal, state or township statutes, ordinances or regulations.

5. **Mutual Release from Liability.** Plaintiff for itself, its officers, directors, shareholders, successors and assigns, and the Township, for itself, its employees, officials, boards, councils, successors, predecessors and assigns mutually release and forever discharge each other of and from any and all claims, demands, actions, causes of action, suits, judgments, damages, debts, fees, and rights of whatever nature in law, equity or otherwise, which shall exist or which may subsequently accrue by reason of any acts, events or facts arising out of or related to this lawsuit and existing on the date of this Consent Judgment, whether known or unknown on that date, including all appeal rights.

6. **Dismissal of Claims.** All claims asserted in this case and/or related to this Consent Judgment will be dismissed with prejudice. However, nothing in this Consent Judgment shall bar any claims brought to enforce, interpret or otherwise obtain legal or equitable relief under or

pursuant to this Consent Judgment.

7. **Binding.** The Consent Judgment is binding upon and shall inure to the benefit of the parties hereto and their heirs, personal representatives, successors, assigns, and transferees.

8. **No Impairment by Future Acts.** The rights of plaintiff, as set forth in this Consent Judgment, are fully vested and enforceable, and the Township shall adopt no resolution, ordinance or ordinance amendment, government planning document, or regulation, that impairs or seeks to impair those rights. Nothing in this paragraph, however, shall preclude the Township from amending the Township Zoning Ordinance or the Township General Ordinances from time to time, as the Township deems appropriate or from adopting regulations related to the use the Subject Property permitted by this Consent Judgment that otherwise apply equally to any and all such existing or future land uses.

9. **No Admission.** This Consent Judgment shall not be construed as an admission of fact, law, or liability.

10. **Not a Contract.** This Consent Judgment is not a contract between the Plaintiffs and the Township; it is an order of the United States District Court.

11. **Recordation.** This Consent Judgment may be recorded with the Washtenaw County Register of Deeds, and the covenants contained herein are declared to be covenants running with the land and all portions or divisions thereof, and the obligations, duties and rights herein shall be binding on the respective heirs, successors, grantees, and assigns of the parties.

12. **Authority.** The signatories to this Consent Judgment certify that they are authorized to execute this Agreement and legally bind the parties they represent.

13. **Fair and Just Provisions.** The parties agree that the terms and conditions of the Agreement and this Consent Judgment are reasonable, adequately resolve the issues and protect the public interests and the interests of the parties.

14. **Amendments.** This Consent Judgment may be amended, changed, waived, or modified only by a written agreement executed by the parties and approved or ordered by this Court. No waiver of any provision of this Consent Judgment as originally entered or as amended shall be valid unless in writing and signed by the party against whom the waiver is charged. There are no other representations or agreements between the parties other than those contained in this Consent Judgment.

15. **Entire Agreement; Integration.** This Agreement contains the entire agreement among the Parties and may be amended only in writing executed by all of the Parties. This Agreement supersedes all prior and contemporaneous negotiations, promises, covenants, representations, and oral or written agreements concerning the subject matter of this Agreement. No Party relied or is relying on any representation or warranty of any other person or Party that is not specifically set forth herein.

16. **Severability**. Should any provision of this Consent Judgment be declared invalid, illegal, or unenforceable by any court of competent jurisdiction, by administrative order, or by reason of any rule of law or public policy, all other provisions shall nevertheless remain in full force and effect and no provision shall be deemed dependent upon any other provision unless so specified.

17. **Execution.** The parties shall execute any and all documents and/or enter into such agreements and/or take other actions as are necessary or convenient to carry out the intent of this Consent Judgment.

18. **Final Order.** This Consent Judgment fully adjudicates all of the claims and causes of action in this matter, including those pled and which could have been pled, and constitutes the final order of the Court. There is no award of any damages or attorney fees.

19. **Continuing Jurisdiction.** The United States District Court for the Eastern District

of Michigan retains jurisdiction to assure compliance with the terms of this Consent Judgment and to grant whatever legal and/or equitable relief or remedies that the Court deems appropriate.

This Consent Judgment resolves all pending claims and closes this case.

Dated: October 2, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Plaintiff, Massjid Al-Farook, Amy V. Doukore by its attorney, Amy V. Doukore and defendants, Lodi Township, Lodi Township Board of Trustees and Lodi Township Planning Commission by their attorney, Frederick Lucas consent to the entry of the above judgment.

/s/ Amy V. Doukoure
Amy V. Doukore
Attorney for plaintiff
Masjid Al-Farook

Date: September 26, 2024

/s/ Frederick Lucas
Frederick Lucas
Attorney for defendants
Lodi Township, Lodi Township Board of Trustees and Lodi Township Planning Commission

Date: October 1, 2024

Plaintiff

/s/Mufid Farha
By: Mufid Farha
Its: Board Member

Defendant

/s/ Janann Godek
By: Janann Godek
Its: Supervisor